RUSSELL C. KLEMANN, ADMINISTRATOR AD PROSEQUEN-DUM OF THE ESTATE OF ELLA L. KLEMANN, DE-CEASED, AND RUSSELL C. KLEMANN, IN HIS OWN RIGHT, PLAINTIFF, v. ATLANTIC CITY RAILROAD COMPANY, A CORPORATION, DEFENDANT.

CLARENCE E. WILLIAMS, ADMINISTRATOR AD PROSE-QUENDUM OF THE ESTATE OF ISABELLE M. WIL-LIAMS, DECEASED, AND CLARENCE E. WILLIAMS, IN HIS OWN RIGHT, PLAINTIFF, v. ATLANTIC CITY RAIL-ROAD COMPANY, A CORPORATION, DEFENDANT.

Submitted May 14, 1926—Decided January 18, 1927.

**Negligence—Death at Railroad Crossing—Two Married Women in Automobile Killed—Evidence That Signals Were Not Given Sufficient to Let Gase go to Jury—Contributory Neg-ligence Not Shown—Verdict of $15,000 For Death of Each Person Held Excessive—Reduced to $8,500 in Each Case or Rule Made Absolute.**

On rules to show cause for new trials.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the rules, *French & Richards* (*Floyd H. Bradley,* of counsel).

*Contra, Albert S. Woodruff.*

PER CURIAM.

The cases arose out of a collision at the Seventh street crossing of defendant's railroad, Camden, between an automobile driven by Mrs. Ella L. Klemann, wife of one of the plaintiffs, and a train of the defendant. In the car at the time were Mrs. Klemann and two friends, Clarence E. Williams and his wife, Isabelle M. Williams. Both women were killed and Mr. Williams was injured.

Actions were brought by the plaintiffs to recover damages in their own right and as administrators for damages resulting from the death of their respective wives. Verdicts and judgments were rendered for the plaintiffs in the trial court to Williams individually for $500; as administrator of Mrs. Williams' estate, $15,000; and to Klemann as administrator of Mrs. Klemann's estate, $15,000. They are brought before us for review on rules to show cause why a new trial should not be granted. The cases were tried together and are argued together upon a number of reasons for making these rules absolute.

It is first urged that the court should have granted motions for nonsuits or for directed verdicts for the defendant on the ground of contributory negligence. It is also urged that the verdicts were against the weight of the evidence, and that those for the deaths of Mrs. Williams and Mrs. Klemann are excessive.

Our examination of the evidence convinces us that the trial judge could not have granted the motions to withhold the cases from the jury, and that the verdicts were not so clearly against its weight on the question of liability that they should be set aside as exhibiting improper motives or mistake in the jury's determinations.

The accident occurred at night. At the crossing were gates and a crossing bell, but the hour was one at which the gates

were not operated. A train going west had passed over the crossing when Mrs. Klemann started the automobile across the tracks in a southerly direction. As she reached the second track she came into collision with a train going east, and she and Mrs. Williams were killed and the car demolished. There was evidence that the crossing bell did not ring, and also that there was no warning from the engine of the approaching train. The most impressive as to the crossing bell was that of the driver of another automobile waiting opportunity to cross after the westbound train had passed, who testified that the bell at the crossing did not ring nor did he hear a signal from the locomotive. Williams, the only surviving occupant of the car, gave similar testimony. Other witnesses, though less favorably situated for hearing, corroborated these. Opposed to this was the evidence of members of the two train crews and of one Schools; that given by the latter, however, being somewhat discredited by proof that he was intoxicated and had to maintain his equilibrium by holding on to a pole along the highway. It all presented a case for the jury's consideration and a verdict either way we think could be justified. So holding, we cannot disturb the verdicts as to liability.

The verdicts appear to us, however, to be grossly excessive. A curious parallelism runs through the two cases. Mrs. Williams was at the time of her death twenty-nine years old, and her husband twenty-seven. He worked on a salary and she had continued after marriage in the employment in which she was engaged at the time of their marriage three years before. With their joint savings they had bought a home for $4,200 and had reduced the encumbrance on it. Mrs. Klemann was, when killed, thirty years of age; her husband twenty-nine. They have been married six years, were also paying for a home costing $4,200 by the earnings of both, and had likewise materially reduced the original cost. Neither couple had any children.

While the evidence evinces that it would be difficult to differentiate as to damages, we think the amounts awarded in each case are so clearly excessive, and equally so, that they

cannot be sustained in their entirety. It must be ever borne in mind that the damages for death are limited to those of a pecuniary character. Viewing the cases in this light, as we must, we cannot shut our eyes to the probability that each surviving husband may remarry and thus obtain pecuniary benefits akin to those lost through death of the respective wives. Hence, we conclude that the verdicts must be materially reduced if the rules are not to be made absolute.

Other reasons pressed upon us are that the court erred in denying each plaintiff a right to six peremptory challenges to jurors; in refusing certain requests (Nos. 3, 4, 8 and 13), and in permitting certain testimony to be given by plaintiffs in rebuttal as to the condition of the witness Schools.

As to the first, it may be said that inasmuch as the record does not show that any challenges to jurors were interposed, the ruling, right or wrong, did the plaintiffs no harm. The requests Nos. 3 and 4 were charged in substance; Nos. 8 and 13 did not present correct statements of the law applicable to the cases. The evidence as to the intoxicated condition of the defendant's witness Schools was clearly competent in rebuttal.

If the plaintiff, Russell C. Klemann, will remit all of the verdict in his favor as administrator above $8,500, the rule in that case will be discharged; otherwise it will be made absolute.

If the plaintiff, Clarence E. Williams, will remit all of the verdict in his favor as administrator above $8,500, the rule in that case will be discharged; otherwise the rule will be made absolute.

The rule in the case of Clarence E. Williams is discharged.